IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BERNARD FRACTION,

        Plaintiff,

vs.

MAUREEN HANEY, and LEGAL AID OF NE,

        Defendants.

8:17CV291

MEMORANDUM AND ORDER

Plaintiff filed a Complaint on August 10, 2017. (Filing No. 1.) He has been granted leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against Maureen Haney[1] and Legal Aid of Nebraska. Plaintiff alleges that Randy James and Vandelay Investments committed fraud when they obtained a tax deed for Plaintiff's home and later caused him to be evicted from his home, because they did not comply with certain prerequisites required by Nebraska law for issuance of a tax deed. He believes that his personal and civil rights were violated. (Filing No. 1.) With regard to Legal Aid of Nebraska, Plaintiff asserts that it "never entered with the court as [his] attorney";

---

[1] "Maureen Haney," or Muirne Heaney, is an attorney for Legal Aid of Nebraska. *See Fraction v. James and Vandelay Investments*, Case No. 8:14CV348, Filing No. 10 at CM/ECF p. 17 (D. Neb. April 17, 2015); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Plaintiff asserts no separate allegations against "Maureen Haney."

failed to charge Randy James and Vandelay Investments with fraud "as discussed upon [his] signed retainer agreement"; would not appear at his hearing on April 24, 2014; and tried to get him to drop his case and settle for $8000. (*Id*. at CM/ECF pp. 1-2.) He seeks unspecified damages and a hearing. (*Id*.)

## II.  APPLICABLE STANDARDS OF REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Diversity Jurisdiction

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Even assuming that the amount in controversy is $90,600, the alleged 2013 assessed value of Plaintiff's home[2], Plaintiff has not established diversity of citizenship. The court previously made Plaintiff aware of this requirement in a suit Plaintiff brought against Randy James and Vandelay Investments. *See Fraction v. James and Vandelay Investments*, Case No. 8:14CV348, Filing No. 7 (D. Neb. April 17, 2015).

### B. Federal Question Jurisdiction

Subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Liberally construed, Plaintiff fails to allege a violation of his civil rights under 42 U.S.C. § 1983. Moreover, to obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that a person acting under color of state law caused the deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). If the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Courts have held that a private party's actions can be

---

[2] *See* Filing No. 1 at CM/ECF p. 6.

considered state action, or actions under color of state law, if the private party is a willful participant in joint activity with the State to deny constitutional rights. *See Magee v. Tr. of Hamline Univ, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014). Plaintiff does not allege nor do his allegations suggest that any of Defendants' actions were taken under color of state law. His allegations sound, instead, in a state law claim of legal malpractice.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice for lack of subject matter jurisdiction.

2. A separate judgment will be entered.

Dated this 23rd day of August, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge